IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BENNY JAMES CROSBY,** | : | |
| Petitioner, | : | C.A. No. 05-94 Erie |
| | : | |
| v. | : | **District Judge McLaughlin** |
| | : | **Magistrate Judge Baxter** |
| **WARDEN JAMES VESHECCO, et al.,** | : | |
| Respondents | : | Electronically Filed |
| | : | |

## ANSWER TO PETITION FOR HABEAS CORPUS

**AND NOW,** comes the Respondent, the Commonwealth, as its interests are represented by and through Thomas S. Kubinski, Esquire, counsel for the Department of Public Welfare, and the Erie County Domestic Relations Section, through Heather L. Purcell, Court Solicitor, as the representative designated by the Erie County District Attorney's Office, and files the within Answer to Petition for Habeas Corpus as follows:

1. Respondent denies each and every allegation of fact alleged by the Petitioner, except those facts specifically admitted below.

2. Respondent has custody of the Petitioner by virtue of five Orders of Court, dated May 4, 2004, finding Petitioner in contempt of court for his failure to pay child support at Erie County Court of Common Pleas Domestic Relations Section Docket Numbers NS820402, NS901163, NS932458, NS982214, and NS982282.

3. Pursuant to the May 4, 2004 Orders, Erie County Court of Common Pleas Judge Michael E. Dunlavey ordered the Petitioner incarcerated in the Erie County Prison

for an aggregate sentence of thirty (30) months. Copies of the May 4, 2004 Orders are attached hereto as Exhibit 1.

## Statute of Limitations

4. Although the Respondent did not receive service of Petitioner's Petition for Writ of Habeas Corpus until August 26, 2005, Respondent notes from the docket of the U.S. District Court for the Western District of Pennsylvania at case 1:05-cv-00094, that Petitioner's Petition was filed, with an accompanying Motion to Proceed in Forma Pauperis on March 22, 2005.

5. Accordingly, as the Petitioner was ordered incarcerated by Order, dated May 4, 2004, he is within the one-year Statute of Limitations for a federal writ of habeas corpus proceeding. 28 U.S.C.S. §2244(d); Rule 3(a) of the Rules Governing Section 2254 Cases.

## Claims Barred for Failure to Exhaust State Remedies

6. The May 4, 2004 Orders were final Orders, which the Petitioner had the right to appeal through the State Courts. *See Rhoades v. Pryce*, 2005 Pa.Super. 162, n.2 (2005) *citing Sonder v. Sonder*, 549 A.2d 155, 166 (Pa. Super. 1988); *Glynn v. Glynn*, 789 A.2d 242, 247-48 (Pa. Super. 2001); *Griffin v. Griffin*, 558 A.2d 86, 88-89 (Pa. Super. 1989).

7. As set forth in Paragraphs 9-10 and 15 of Petitioner's Petition for Habeas Corpus, Petitioner failed to appeal any of the May 4, 2004 Orders entered at Erie County Court of Common Pleas Domestic Relations Section Docket Numbers NS820402, NS901163, NS932458, NS982214, and NS982282. *See also* Copies of the Erie County

Court of Common Pleas Domestic Relations Section Docket Numbers NS901163, NS932458, NS982214, and NS982282 relevant excerpts attached hereto as Exhibits 2-5.

8. Moreover, Respondent is not aware of any application by the Petitioner for habeas corpus relief in the State of Pennsylvania, with regard to any of his claims.

9. Accordingly, as set forth in Paragraphs 4-8 above, the Petitioner has not exhausted the available state remedies, divesting the state courts of any meaningful opportunity to consider the allegations of error, and, therefore, the Petitioner's claims are barred for failure to present to the Pennsylvania state courts the same claims raised in his federal habeas petition. 28 U.S.C.S. §2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

10. Despite the May 4, 2004 Orders, Petitioner represents that the date of imposition of sentence was August 31, 2004, a date on which the Erie County Court of Common Pleas Domestic Relations Section Docket at Numbers NS820402, NS901163, NS932458, NS982214, and NS982282 indicates that there was no Court action in the case. *See* Copies of the Erie County Court of Common Pleas Domestic Relations Section Docket Numbers NS901163, NS932458, NS982214, and NS982282 relevant excerpts attached hereto as Exhibits 2-5.

11. Upon information and belief, August 31, 2004 is the date that Petitioner was revoked from work release for violation of the work release program rules.

12. To the extent that the Petitioner's claims arise from the revocation of his privilege to participate in the work release program, work release status of an individual committed to a county jail for a sentence of less than five years is within the exclusive

authority of the court of common pleas sitting as the trial court. *See* 61 P.S. 2141; *Commonwealth v. Mefford*, 863 A.2d 1206, 1209-10 (Pa. Super. 2004).

13. Petitioner failed to petition the trial Court for relief and he failed to appeal the revocation of his work release status to any Pennsylvania Court. *See* Copies of the Erie County Court of Common Pleas Domestic Relations Section Docket Numbers NS901163, NS932458, NS982214, and NS982282, relevant excerpts attached hereto as Exhibits 2-5.

14. Moreover, Respondent is not aware of any application by the Petitioner for habeas corpus relief in the State of Pennsylvania, with regard to any of his claims.

15. Accordingly, as set forth in Paragraphs 9-14 above, the Petitioner has not exhausted the available state remedies, divesting the state courts of any meaningful opportunity to consider the allegations of error, and, therefore, the Petitioner's claims are barred for failure to present to the Pennsylvania state courts the same claims raised in his federal habeas petition. 28 U.S.C.S. §2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

16. Therefore, Petitioner's habeas petition should be dismissed in accordance with *Picard v. Connor*, 404 U.S. 270 (1971).

### Lack of Merit in the Petition's Allegations

17. The Petitioner fails to set forth the facts supporting his allegations of error, leaving the Respondent unable to address the merits of the case conclusively.

18. Nevertheless, the Respondent asserts that a hearing was held before the Honorable Michael E. Dunlavey on May 4, 2004 at which Judge Dunlavey made findings sufficient to detain the Petitioner pursuant to Pennsylvania's Domestic Relations Code.

19. Moreover, the May 4, 2005 Orders set a purge, fulfillment of which will result in the Petitioner's release.

20. Inherent in Judge Dunlavey's establishment of the purge amount is a finding that the Petitioner has the ability to pay said amount. Because the Petitioner failed to exhaust his state Court remedies, there is no determination to the contrary.

21. Accordingly, the determination of fact by Judge Dunlavey that Petitioner had the ability to pay the purge amount is presumed to be correct. 28 U.S.C. 2254(e).

22. In that regard, the Petitioner may be released from incarceration simply by paying the purge amount as it is the Petitioner, rather than the Respondent, who "holds the keys to his jail cell."

23. Therefore, there can be no merit to any of Petitioner's claims because as long as he had the ability to comply with the order requiring him to pay the purge, there is no federal constitutional bar to Petitioner's confinement. *Chadwick v. Janecka,* 312 F.3d 597, 612-13 (3rd 2002) *applying International Union v. Bagwell*, 512 U.S. 821, 129 L. Ed. 2d 642, 114 S. Ct. 2552 (1994).

**24.** It is clear that Petitioner continues to have the ability to pay as he was not only working through work release, but the docket in this case indicates that, the Honorable Magistrate Judge Susan P. Baxter, on April 11, 2005, entered a Report and Recommendation that Petitioner's motion to Proceed in Forma Pauperis be denied, a Recommendation which was adopted by the Honorable Sean J. McLaughlin by May 12, 2005 Order.

25. Accordingly, the Court may deny Petitioner's application for habeas corpus on the merits, even though the Petitioner failed to exhaust his state court remedies. 28 U.S.C.S. §2254(b)(2).

## State Court Record

26. The May 4, 2004 proceedings held before the Honorable Michael E. Dunlavey were recorded, however, they have not been transcribed.

27. There is no available transcript for the August 31, 2004 revocation of Petitioner's work release. Said revocation occurred administratively through the Erie County Department of Corrections.

28. State Court records are forthcoming.

## Conclusion

29. Wherefore, based upon on the foregoing, the Respondent requests that the Court dismiss, or, in the alternative, deny, the Petition for Writ of Habeas Corpus in the above-captioned matter.

Respectfully submitted,

| | |
|---|---|
| s/ Thomas S. Kubinski | s/ Heather L. Purcell |
| Thomas S. Kubinski, Esquire | Heather L. Purcell, Esquire |
| Pa. I.D. No. 25936 | Pa. I.D. No. 87466 |
| Attorney for the Department of Public Welfare | Court Administration |
| Kubinski, Susko & Schonthaler | Erie County Courthouse |
| 135 East Sixth Street 16501 | 140 West Sixth Street |
| (814) 455-7612 | Erie, Pennsylvania 16501 |
| (814) 461-8585 (facsimile) | (814) 451-6317 |
| ksslaw@earthlink.net | (814)   451-6223 (facsimile) |
| | Hpurcell@eriecountygov.org |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **BENNY JAMES CROSBY** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **C.A. No. 05-94 Erie** |
| | : | |
| **JAMES VESHECCO,** | : | |
| Respondent | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Heather L. Purcell, Esq., hereby certify that a true and correct copy of the foregoing Answer to Petition for Habeas Corpus was served upon the following by United States First Class Mail:

> Benny James Crosby, 5719
> Erie County Prison
> 1618 Ash Street
> Erie, PA 16503

Date:  November 15, 2005                            s/ Heather L. Purcell
                                                    Heather L. Purcell, Esquire