**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BENNY JAMES CROSBY,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-94E |
| | ) | |
| **JAMES VESHECCO,** | ) | **District Judge McLaughlin** |
| Respondent. | ) | **Magistrate Judge Baxter** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus be dismissed and that a certificate of appealability be denied.

**II.   REPORT**

**A.   Relevant Factual and Procedural History**

Petitioner asserts that he is incarcerated pursuant to multiple contempt citations imposed by the Court of Common Pleas of Erie County on August 30, 2004, for his failure to pay child support. Petitioner alleges that it he was not provided due process prior to his incarceration, and that it is a violation of his Fourth Amendment rights to be imprisoned for a civil matter. Petitioner does not allege that he is unable to pay the amounts ordered by the state court and thereby vitiate the contempt citations.

The response in this case was filed jointly by counsel for the Erie County Department of Public Welfare and the solicitor for the Erie County Court of Common Pleas, who indicate that petitioner was jailed due to five orders of contempt entered on May 4, 2004[1], which were based upon

---

1

Petitioner's claim that the orders were entered in August, 2004, is inaccurate and apparently reflects his confusion regarding the date when his work-release status was revoked.

his failure to pay child support (Docket #9). Respondents have attached the relevant contempt citations, and have forwarded all relevant state court records.

### B. Discussion

In Chadwick v. Janecka, 312 F.3d 597 (3d Cir. 2002), the court was faced with a situation very much similar to this case. Mr. Chadwick refused to comply with a state court order to pay money into an escrow account in an ongoing divorce proceeding. The state court ordered Chadwick jailed for contempt until such time as the money was paid into the escrow account. After a lengty discussion of federal law concerning contempt, the court concluded that the state court's order did not violated federal law since there was no proof that Chadwick was unable to comply with the state court's orders. The Chadwick court concluded that its "decision does not preclude Mr. Chadwick from filing a new federal habeas petition if he claims that he is *unable* for some reason to comply with the state court's order." 312 F.3d at 614.

In this case, the petitioner does not allege that he is unable to pay the child support ordered by the state court. Therefore, petitioner's incarceration is not constitutionally infirm. Chadwick, supra. The petition should be dismissed.

### C. Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Because Petitioner has not made such a showing, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant petition for writ of habeas corpus be dismissed and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of

service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

S/Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
Chief U.S Magistrate Judge

Dated: July 27, 2006

cc:   The Honorable Sean J. McLaughlin  
      United States District Judge